UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CINDY EMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 3:13-cv-27 |
| | ) | |
| MILLENNIUM STEEL | ) | |
| SERVICE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.      This is an action brought by Plaintiff, Cindy Emerson ("Emerson"), by counsel, against Defendant, Millennium Steel Service, LLC ("Defendant"), for its discriminatory actions against her based on her real and/or perceived disability, in violation of the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et. seq. and her age in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §§ 621 et. seq. and for retaliation for having engaged in protected activity under both the ADA and the ADEA.   Emerson also brings a claim under the supplemental jurisdiction of this court for a violation of the Indiana Wage Payment Statute.

### II. PARTIES

2.      Emerson, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Illinois.

3.    Defendant, at all times relevant to this action, maintained offices and conducted business within the geographical environs of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.    Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 29 U.S.C. § 626 and 42 U.S.C. § 12117.

5.    Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 630(b).

6.    Emerson is an "employee" as that term is defined by 29 U.S.C. § 630(f) and 42 U.S.C. § 12111(4).

7.    Emerson is a qualified individual with a disability as that term is defined by the 42 U.S.C. § 12102(2)(C), *as amended*.

8.    Emerson exhausted her administrative remedies by timely filing Charges of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming retaliation and discrimination based on disability and age, and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

9.    All events, transactions, and occurrences concerning this case having arisen in the geographical environs of the Southern District of Indiana, venue is proper in this Court.

## IV.   FACTUAL ALLEGATIONS

10.     Emerson was employed by the Defendant from September 1998 until February 4, 2012.  Emerson was fifty-two years old at the time she was discharged from employment.

11.     From 2001 to the time of her separation from employment, Emerson worked as an Assistant Manager of Business Support.

12.     In August 2011, Emerson suffered a physical impairment to her eye as a result of a surgical error.  The physical impairment substantially limited Emerson's vision as compared to the average person.

13.     As a result, Emerson began a medical leave of absence on or about August 22, 2011.

14.     On or about January 18, 2012, Emerson received a telephone call from Karen Freeman, HR Generalist.  Freeman vaguely requested that Emerson provide information to her regarding her disability.

15.     On January 23, 2012, Emerson's health care provider faxed Freeman information related to Emerson's disability.

16.     On February 4, 2012, Emerson received a letter from Freeman informing her that her employment was terminated because her leave had exceeded twenty-four weeks in length. The letter was dated January 19, 2012 and postmarked February 1, 2012.

17.     Defendant's Employee Handbook provides that an employee's length of service and employment will not be severed until they have been on leave for in excess of six months.

18.     Defendant did not consider or offer Emerson an accommodation for her condition to allow her to return to work at any time between the onset of Emerson's condition and the date of her separation from employment.

19.     Upon receipt of Freeman's letter, Emerson contacted Freeman and informed her that she had a Doctor's Appointment on February 7, 2012 and that she would be able to return to work after that date.  Emerson even offered to coordinate a joint conference between the HR Generalist and her physician to discuss her ability to return to work. Freeman declined.

20.     Defendant refused to provide Emerson with any additional unpaid leave so that she could return to work.

21.     In or about May 2011, Mihir Paranjape, Emerson's supervisor, commented to her that she had "too much seniority and too much leave."  He made similar comments regarding Emerson to other members of the management team.

22.     Defendant separated Emerson's employment because of her age and disability.

23.     Similarly-situated younger employees have been allowed to take a medical leave of absence in excess of twenty-four weeks.

4

24.     After her separation from employment, Defendant refused to pay her accumulated vacation pay.  Emerson estimates that she had 146.67 hours of vacation accrued, but unused at the time of her separation.

25.     Defendant has paid the accrued but unused vacation pay to other individuals whose employment has been separated.

26.     On or about February 29, 2012, Emerson filed Charge of Discrimination No. 846-2012-32645 against Defendant alleging discrimination based on her disability and age.

27.     On or about April 29, 2012, Emerson applied for open positions within Defendant for which she was qualified, including her former position which had yet to be filled.  Defendant, however, refused to consider her for any open position.

## V. Legal Allegations

### Count I-Violation of the ADA - Discrimination

28.     Paragraphs one (1) through twenty-seven (27) of Emerson's Complaint are hereby incorporated.

29.     Defendant violated Emerson's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by terminating her employment, refusing to pay her accrued vacation time and refusing to re-hire Emerson because of her disability.

30.     Defendant's actions were intentional, willful and in reckless disregard of Emerson's rights as protected by the ADA.

31.    Emerson has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II-VIOLATION OF THE ADA – FAILURE TO ACCOMMODATE

32.    Paragraphs one (1) through thirty-one (31) of Emerson's Complaint are hereby incorporated.

33.    Defendant violated Emerson's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by failing to engage in the interactive process and failing to accommodate her known disability.

34.     Defendant's actions were intentional, willful and in reckless disregard of Emerson's rights as protected by the ADA.

35.    Emerson has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT III - AGE DISCRIMINATION

36.    Paragraphs one (1) through thirty-five (35) of Emerson's Complaint are hereby incorporated.

37.    Defendant discriminated against Emerson by terminating her employment, refusing to pay her accrued vacation time and refusing to re-hire her because of her age.

38.    Defendant willfully and intentionally, with malice and/or reckless disregard for Emerson's rights, violated the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. §§ 621 et. seq.

6

39.     Emerson has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT IV – RETALIATION

40.     Paragraphs one (1) through thirty-nine (39) of Emerson's Complaint are hereby incorporated.

41.     Defendant retaliated against Emerson by refusing to consider her for open positions for which she was qualified because she had engaged in protected activity by filing a Charge of Discrimination against it.

42.     Defendant willfully and intentionally, with malice and/or reckless disregard for Emerson's rights, retaliated against Emerson in violation of the ADEA and ADA.

43.     Emerson has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT V – VIOLATION OF INDIANA WAGE PAYMENT STATUTE

44.     Paragraphs one (1) through forty-three (43) of Emerson's Complaint are hereby incorporated.

45.     Civil action for failure to pay wages is authorized by Ind. Code § 22-2-4-4; Ind. Code § 22-2-5-2; and Ind. Code §§ 22-2-9 *et seq.*

46.     The Defendant has failed to pay the unpaid wages or compensation due to Emerson on the next usual and regular day for payment of wages, or the

regular pay day for the pay period during his employment and on the date in which his separation from employment occurred.

47.   The Defendant has failed for ten (10) days after demand of payment was made, to pay Emerson for her labor.

48.   Emerson has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Cindy Emerson, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1.   Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2.   Pay Plaintiff's lost wages, including her lost vacation pay, and benefits;

3.   Pay to Plaintiff compensatory damages and punitive damages for Defendant's violations of the ADA and retaliation under the ADEA

4.   Pay to Plaintiff liquidated damages for Defendant's violation of the ADEA and Indiana Wage Payment Statute;

5.   Pay to Plaintiff pre- and post-judgment interest;

6.   Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7.   Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

 /s/Andrew Dutkanych
Andrew Dutkanych (#23551-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: ad@bdlegal.com

*Attorney for Plaintiff, Cindy Emerson*

## DEMAND FOR JURY TRIAL

The Plaintiff, Cindy Emerson, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

 /s/Andrew Dutkanych
Andrew Dutkanych (#23551-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: ad@bdlegal.com

*Attorney for Plaintiff, Cindy Emerson*

9